## Commonwealth v. Corcoran

*James M. Keller,* for appellant.
*Edward Mihalik,* for Commonwealth.

KLEIN, J., June 11, 1974.—This matter is before the court upon the appeal of Robert J. Corcoran from an order of the Secretary of Transportation suspending his motor vehicle privileges "until you post security or furnish release from other parties," pursuant to section 1404 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1404 (financial responsibility).

A de novo hearing was held on March 22, 1974.

The Commonwealth produced no witnesses concerning the matter but merely offered certified copies of appellant's record, notice of hearing before the department examiner, the evaluator's work sheet and appellant's traffic accident report.

The appellant offered no evidence.

The appellant contends that the "Interview and Hearing" conducted by the examiner lacked due process because both parties to the accident were not present at the same time and there was no opportunity afforded for cross-examination. The appellant offered other complaints in his allegation of violation of due process, such as the examiner requiring a signature to the departmental form including "his version" of the accident, without appellant's being permitted to read the examiner's report. All are without merit. Due process in these matters does not require a full-scale adversary proceeding: Wonderly v. Bureau of Traffic Safety, 9 Comm. Ct. 573 (1973), especially because of the availability of a trial de novo, with supersedeas: Commonwealth v. King, 9 Comm. Ct. 200 (1973).

However, the appeal must be sustained because the Commonwealth has failed to meet its burden.

The applicable statute provides:

"(b) Any person aggrieved by an order of the secretary . . . may . . . file a petition . . . for a *trial de novo* to determine whether such order . . . is lawful and reasonable": 75 PS §1401(b). (Emphasis supplied.)

The Commonwealth urges that appellant is not entitled to a hearing de novo in these circumstances. De novo means afresh; anew; a *second* time.

The financial responsibility suspension law requires the court in such appeals to determine whether the suspension is "lawful and reasonable." It is lawful only if the Commonwealth proves that defendant lacks financial responsibility, and has failed to post the required security (or furnish releases), AND THAT THERE IS A REASONABLE BASIS FOR CONCLUDING THAT A JUDGMENT MAY BE ENTERED AGAINST THE APPELLANT AS A RESULT OF THE ACCIDENT. The suspension is reasonable if the amount of security required is reasonable with respect to the amount of damages suffered by the other party to the accident.

Assuming that the "resonable basis for potential judgment" rule was not recognized prior thereto, it certainly has been the law since Bell v. Burson, 91 S. Ct. 1586 (1971); and Commonwealth v. Roeting, 7 Comm. Ct. 317 (1973). See also Commonwealth v. Boggs 59 D. & C. 2d 213, 32 Beaver (1971) (criminal action—driving during suspension).

Obviously, without testimony from witnesses to the accident, we cannot determine that the secretary had a reasonable basis for concluding that a judgment may be entered against the appellant. In the event that the sheaf of papers produced by the Common-

wealth sufficiently disclosed such information, it would not be admissible for that purpose. In this case, however, that is lacking, also.

"Any certified . . . records, books, papers, documents, and rulings of the secretary . . . shall be acceptable as evidence . . . *with the same force and effect as the originals, in all cases where such original records . . . would be admitted in evidence*": 75 PS §1224 (Emphasis supplied).

This means that hearsay evidence is not converted into de fide gospel which we are required to accept as proof of the matter asserted, merely because the seal of the department is impressive as well as official.

We are unable to understand why the Commonwealth has appeared in this court without witnesses, repeatedly, when witnesses are required. Although there are some suspensions, such as 619.1 point system suspensions and other mandatory suspension cases, such as conviction of certain offenses, which may be proven without witnesses, such is not the case IN EVERY SUSPENSION APPEAL.

Once again, we, reluctantly, must make the following.

### ORDER

And now, June 11, 1974, for the reasons set forth in the foregoing opinion, the order of the Secretary of Transportation, dated December 17, 1973, suspending the operating privileges of Robert J. Corcoran until he posts security of $625 or furnishes releases from the other parties is reversed and set aside; petitioner's appeal is sustained and the secretary is ordered to restore all of the operating privileges of the said Robert J. Corcoran forthwith.